UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELROY RANGEL MORALES, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, GOLDEN STATE ANNEX, *et al.*, <br><br> Respondents. | Case No.   1:26-cv-03842-NW <br><br> **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** <br><br> Re: ECF Nos. 1, 2 |

This habeas action concerns the detention of Petitioner Elroy Rangel Morales, a noncitizen who has lived in the United States for over sixteen years.  *See* ECF No. 8-1 at 3.  Based on the Government's new interpretation of 8 U.S.C. § 1225(b)(2) as mandating detention for all noncitizens present in the United States without admission, Petitioner is being detained without a bond hearing.  This matter is before the Court on Petitioner's writ of habeas corpus and motion for a temporary restraining order.  For the reasons explained below, the Court GRANTS Petitioner's writ of habeas corpus. Petitioner's motion for a temporary restraining order is resolved as moot.

## I.   BACKGROUND

Petitioner, a citizen of Mexico, entered the United States over sixteen years ago on April 1, 2010.  ECF No. 8-1 at 1.  Over eight years ago, he married a United States citizen who submitted a I-130 petition for Alien Relative with the Department of Homeland Security ("DHS") on December 3, 2018.  ECF No. 1-1.  DHS approved the petition on April 1, 2019.  ECF No. 1-1. Following this approval, Petitioner filed an I-601A Application for Provisional Unlawful Presence Waiver on September 18, 2020, which DHS approved on February 23, 2024.  ECF No. 1-3. Petitioner then submitted an immigrant visa application to the National Visa Center on March 24, 2026, which remains pending.  ECF No. 1-4.

In both the I-601A and immigrant visa applications, Petitioner provided multiple forms of identifying information, including his fingerprints and address.  ECF No. 1 ¶ 28.  Records

United States District Court
Eastern District of California

submitted by Respondents also indicate that Petitioner has no criminal history.  ECF No. 8-1 at 3.  Yet, on April 29, 2026, Respondents detained Petitioner after he was pulled over by the police for speeding, who then reported him to U.S. Immigrations and Customs Enforcement ("ICE").  *Id*. ¶ 31; *see also* ECF No. 8-1 at 2.  ICE arrested Petitioner and subsequently transferred him to Golden State Annex in McFarland, California where he remains detained.  *Id*. ¶ 2.

Petitioner filed this writ of habeas corpus and a motion for a temporary restraining order on May 19, 2026 seeking his immediate release.  *See* ECF No. 1, 2.  The Court ordered a briefing schedule indicating that it intended to rule on both the habeas petition and motion for a temporary restraining order.  ECF No. 7.  Respondents submitted a response to the habeas petition and motion for a temporary restraining order on May 22, 2026 indicating that they did not request a hearing.  ECF No. 8.

## II.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    DISCUSSION

Petitioner contends that his detention without notice and without a determination that he is a flight risk or danger to the community violates the Due Process Clause of the United States Constitution (count 1) and the Administrative and Procedure Act (count 2).  *See* ECF No. 1 ¶¶ 51–62 (citing U.S. Const. AMEND V, 5 U.S.C. § 706(2)(A)).  Respondents assert that "Petitioner's

United States District Court
Eastern District of California

2

detention is lawful pursuant to the mandatory detention statute 8 U.S.C. § 1225(b)(2)." ECF No. 8 at 2. The Government did not address Petitioner's approved I-601A or pending visa application. For the following reasons, the Court finds that Petitioner's detention violates the Due Process Clause.

### A.    Mandatory Detention under 8 U.S.C. § 1225(b)(2)

The primary disagreement between the parties is whether Petitioner is subject to discretionary release pursuant to 8 U.S.C. § 1226(a) ("Section 1226"), or if Petitioner is subject to mandatory detention under Section 1225 as an "applicant for admission[.]" ECF No. 8 at 2. This Court—as well as the majority throughout the United States—have already concluded that applying Section 1225 to non-citizens like Petitioner who are re-detained within the interior of the United States after living at liberty for many years "(1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. Sept. 23, 2025) (collecting cases); *see also Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *4–11 (6th Cir. May 11, 2026); *Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *4–9 (2d Cir. Apr. 28, 2026); *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2026 WL 1223250, at *21 (7th Cir. May 5, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *21 (11th Cir. May 6, 2026); *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1304 (W.D. Wash. Sept. 30, 2025); *Menjivar Sanchez v. Wofford,* No. 1:25-CV-01187-SKO (HC), 2025 WL 2959274, at *3–7 (E.D.Cal. Oct. 17, 2025) (collecting cases); *Shoimov v. Chestnut*, No. 1:25-CV-1603 CSK, 2026 WL 35624, at *4 (E.D. Cal. Jan. 6, 2026); *Singh v. Bondi et al.*, No. 1:26-CV-0396 DC CSK P, 2026 WL 469169, at *3 (E.D. Cal. Feb. 19, 2026); *Sharan S. v. Chestnut*, No. 1:25-cv-01427-KESSKO (HC), 2025 WL 3167826, at *5 (E.D.Cal. Nov. 12, 2025); *Ramirez Clavijo v. Kaiser*, No. 25-CV-06248-BLF, 2025 WL 2419263, at *3 (N.D. Cal. Aug. 21, 2025).

Section 1225(b) "authorizes the Government to detain certain [noncitizens] seeking admission into the country," whereas Section 1226(a) and (c) "authorize[ ] the Government to

United States District Court
Eastern District of California

detain certain [noncitizens] already in the country pending the outcome of removal proceedings[.]" *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). Given that Petitioner has been in the country for many years, is the beneficiary of approved I-130 and I-610 applications, and was arrested in the interior of the United States, Petitioner falls in the latter category. As Petitioner is not a noncitizen "seeking admission" within the meaning of Section 1225(b)(2)(A), he is thus subject to detention only under the provisions of Section 1226.

**B.      Due Process**

Given that Section 1225 is not a lawful basis for detention—and that Respondents have provided no other statutory basis for detention—the Cout turns to Petitioner's due process claim. Assessing whether a noncitizen's detention violates the Due Process Clause requires balancing three factors: (1) "'the private interest that will be affected by the official action'"; (2) "'the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards'"; and (3) "'the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail.'" *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1033 (N.D. Cal. 2025) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

As to the first factor, the Court finds that Petitioner has a substantial private interest in remaining out of immigration custody. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "Just as people on preparole, parole, and probation status have a liberty interest, so too does [a noncitizen subject to removal] have a liberty interest in remaining out of custody on bond." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (citing *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). Petitioner has had various forms of immigration applications granted by the Government while living in the United States, and has remained at liberty for the past sixteen years. Accordingly, the first factor weighs heavily in Petitioner's favor.

Turning to the second factor, "the risk of an erroneous deprivation [of liberty] is high" when, as here, "[the petitioner] has not received any bond or custody redetermination hearing."

United States District Court
Eastern District of California

4

*A.E. v. Andrews*, No. 1:25-cv-00107-KES-SKO, 2025 WL 1424382, at \*5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is justified when a noncitizen presents a risk of flight or danger to the community. *See Zadvydas*, 533 U.S. at 690; *Padilla v. U.S. Immigr. & Customs Env't*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023); *Sharan S.*, 2025 WL 3167826, at \*8 ("Under section 1226(a), petitioner would be entitled to a bond hearing, and any custody redetermination would have to be based on whether petitioner is 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk.'") (quoting *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)). The record before the Court indicates that there was no independent finding of changed circumstances by a neutral arbiter before Petitioner was detained. Because there have been no procedural safeguards to determine if Petitioner's detention is justified, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *A.E.*, 2025 WL 1424382, at \*5.

The final factor also weighs in Petitioner's favor. Although the Government has a strong interest in enforcing the immigration laws, its' interest in detaining Petitioner without a hearing is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025). And Respondents have articulated no legitimate interest in holding Petitioner without a hearing. Indeed, Respondents do not point to any facts suggesting Petitioner is a flight risk or dangerous. In immigration court, custody hearings are routine and impose a "minimal" cost. *Id*. at 1094. If the Government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so[,]" but it must provide Petitioner with a hearing first. *Ortega*, 415 F. Supp. 3d at 970.

Given the above, the Court concludes that Petitioner is entitled to reasonable notice and a hearing, and respondents have violated Petitioner's due process rights by holding him without such a hearing. The Court declines to address the parties' remaining arguments, which are irrelevant to the Court's analysis.

## IV.    CONCLUSION AND ORDER

Petitioner's Petition for Writ of Habeas Corpus is GRANTED. In fashioning a habeas writ, "a court has broad discretion in conditioning a judgment granting habeas relief" and in

"dispos[ing] of habeas corpus matters 'as law and justice require.'" *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) (quoting 28 U.S.C. § 2243). Here, the Court finds that law and justice require, pursuant to Section 1226(a), an individualized finding of dangerousness or flight risk by an Immigration Judge if Petitioner is to be detained. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1059, 1065 (9th Cir. 2008). Because the Government did not follow this process, the appropriate remedy is Petitioner's immediate release. *See, e.g.*, *Lepe*, 801 F. Supp. 3d at 1119 (granting immediate release where Petitioner unlawfully detained pursuant to Section 1225); *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553, at *7 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *7 (E.D. Cal. Oct. 27, 2025).

IT IS HEREBY ORDERED THAT:

1.      Respondents immediately release Petitioner Elroy Rangel Morales (A219-598-973) from their custody.

2.      Respondents shall not impose any additional restrictions on Petitioner, unless they are determined to be necessary at a future pre-deprivation and/or custody hearing.

3.      If the Government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

4.      The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: June 3, 2026

Noël Wise
United States District Judge

United States District Court
Eastern District of California

6